IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FABLE NATHAN ADAMS                                                                      PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 3:14cv339-FKB

E.M.C.F, et al.                                                                               DEFENDANTS

OPINION AND ORDER

Fable Nathan Adams, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care by prison officials.  Presently before the Court are motions filed by Adams [40, 44, 47, and 50] and the motion for summary judgment [42] filed by the only remaining defendants, Ollie Little and Dr. Carl Reddix.[1]  Having considered the motions and the evidence of record, the Court concludes that Adams's motions should be denied and that Defendants' motion for summary judgment should be granted.

Adams is a state inmate housed at East Mississippi Correctional Facility (EMCF). Ollie Little is employed by Health Assurance, LLC, the entity that provides healthcare services at EMCF, as the Health Services Administrator.  Dr. Carl Reddix is the managing partner of Health Assurance, LLC.  Adams alleges that he began having stomach problems in December of 2012 and that he suffered unnecessarily until he finally underwent gall bladder surgery in April of 2014.  According to Adams, his surgery was unnecessarily delayed and he did not receive proper pain medication during the interim period.

---

[1]Defendant Dr. Derrick Edwards has never been served with process.  The remaining defendants were previously dismissed.

Adams has filed a motion for appointment of counsel [40] and two motions to amend his complaint [44 and 47].  The former motion is denied, as this case does not present exceptional circumstances warranting appointment of counsel.  *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  In his first motion to amend [44], Adams appears to be requesting assistance with obtaining an address at which to serve Dr. Derrick Edwards.  The Court previously directed defense counsel to provide Dr. Edwards's last known address, and service was attempted by the United States Marshal but was unsuccessful.  In any event, joinder of Dr. Edwards would be futile for the reasons set forth below.  Accordingly, this motion is denied.  Adams's motion to amend to join Dr. Carl Faulks as a defendant [47] is denied as untimely and also for the reason that joinder of Dr. Faulks would likewise be futile, as Adams has failed to show that anyone unconstitutionally denied him medical care.

In his "Motion for Discovery" [50], Adams states that he needs copies of emails between the prison medical department and various persons and entities regarding his medical care.  Adams never served discovery requests for these documents.  Moreover, he has not shown that they would be relevant to his claims.  This motion is denied.

In support of their motion for summary judgment, Defendants have submitted Adams's prison medical file.  This file shows a history of frequent evaluation and treatment for Adams's stomach pain--treatment that ultimately resulted in gall bladder surgery.  On November 8, 2012, Adams was seen by Dr. Faulks in the prison clinic for complaints of stomach pain and loss of weight. [42-2] at 3.  Dr. Faulks ordered lab work and a GI consult and prescribed Prilosec, amoxicillin, and Biaxin.  *Id.*  A few days later,

2

based upon the results of the labwork, which showed leukopenia, Dr. Faulks ordered more studies and a chest x-ray. [42-2] at 8-9.  On December 5, 2012, Adams saw Dr. Faulks again, at which time Adams reported that his pain had increased and that he was continuing to lose weight. [42-2] at 11.  Dr. Faulks diagnosed lymphocytosis and bradycardia.  *Id.*  He ordered an ultrasound of the abdomen, a chest x-ray, an EKG, and lab work.  *Id.*  He also directed that Adams receive a snack bag for six months.  *Id.*  On December 11, 2012, Dr. Faulks ordered that Adams receive double food trays. [42-2] at 16.  At that time, Adams reported that his pain had resolved and that he was eating better. *Id.*  Results of the ultrasound, performed on December 27, 2012, showed an enlarged gall bladder and gallstones. [42-2] at 96-97.

      Clinic notes indicate that over the next several months Adams continued to gain weight and his epigastric pain subsided.  However, in May of 2013, Adams's pain returned. [42-2] at 87, 27-28.  In response, the clinic nurse discontinued Prilosec and ordered Zantac and Colace. [42-2] at 27-28.  In June of 2013, Dr. Faulks evaluated Adams for a near-seizure event the previous night. [42-2] at 34.  Examination of the central nervous system was normal.  *Id.*  Dr. Faulks prescribed Tegretol and ibuprofen and referred Adams to the mental health nurse practitioner.  *Id.*  The notes of the evaluation make no mention of any complaints of epigastric pain.  The next indication of any complaint of such pain is in notes dated September 13, 2013, at which time the nurse practitioner prescribed an antacid. [42-2] at 42-45.  In November of 2013, Dr. Edwards evaluated Adams.  Examination revealed epigastric tenderness. [42-2] at 46-47.  Dr. Edwards diagnosed gastroesophageal reflux disease and prescribed an increased dosage

of Prilosec. *Id.*  In January of 2014, Dr. Edwards ordered that ibuprofen be discontinued and replaced with Tylenol because of Adams's epigastric problems. [42-2] at 54.

Adams submitted two sick call requests in February of 2014, complaining of stomach pain. [42-2] at 90, 91.  As a result, Dr. Edwards evaluated him on February 27 and ordered an abdominal ultrasound. [42-2] at 60.  Based upon the ultrasound report, Dr. Edwards referred Adams to an outside surgeon who performed a laparascopic removal of Adams's gallbladder on April 23, 2014. [42-2] at 77, 105.  Adams's post-surgical course was uncomplicated. [42-2] at 63, 77.

In order to succeed on his claims, Adams must establish that Defendants were deliberately indifferent to his serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish deliberate indifference, Adams must show that Little and Dr. Reddix "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).  Adams has failed to meet this standard.  While he may believe that his pain should have been treated less conservatively and that he should have been referred for surgery sooner, his medical records do not support a finding that the named defendants or anyone else intentionally delayed treatment or otherwise wantonly disregarded his complaints of pain.  His dissatisfaction and disagreement with his treatment does not give rise to a constitutional claim.  *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

For these reasons, summary judgment is granted in favor of Defendants.  A

separate judgment will be entered.

SO ORDERED this the 30th day of March, 2016.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE